**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

REYNALDO MALDONADO,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 08-4074-MWB
(No. CR 05-4084-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

---

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A.* **The Criminal Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B.* **The Appeal** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *C.* **The § 2255 Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *D.* **The Evidentiary Hearing** . . . . . . . . . . . . . . . . . . . . . . . . . 9

*II.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
   *A.* **Standards For Relief Pursuant To § 2255** . . . . . . . . . . . . . . . . . . . . 12
   *B.* **Procedural Default** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
   *C.* **Improper Use Of An Uncounseled Misdemeanor Conviction** . . . . . . . 17
      *1.* **Arguments of the parties** . . . . . . . . . . . . . . . . . . . . 17
      *2.* **Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   *D.* **Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . . . 23
      *1.* **Applicable Standards** . . . . . . . . . . . . . . . . . . . . . . . . 23
      *2.* **Ineffective assistance regarding a prior conviction** . . . . . . . . 25
         *a.* **Arguments of the parties** . . . . . . . . . . . . . . . . . . 26
         *b.* **Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
      *3.* **Ineffective assistance regarding a timely plea** . . . . . . . . . . 30
         *a.* **Arguments of the parties** . . . . . . . . . . . . . . . . . . 30
         *b.* **Analysis** . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
   *E.* **Certificate Of Appealability** . . . . . . . . . . . . . . . . . . . . . . . . . 33

*III.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

This case is before the court on petitioner Reynaldo Maldonado's August 28, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). Maldonado's claims for relief, as subsequently clarified by counsel, are the following: (1) that an uncounseled misdemeanor conviction should not have been counted in Maldonado's criminal history or used to enhance his sentence for an offense committed while on probation, and that counsel was ineffective for failing to object to such use of the misdemeanor conviction, and (2) that counsel was ineffective because his inaction caused Maldonado to forfeit the third of three possible offense level decreases for acceptance of responsibility. The respondent contends that Maldonado's first claim, at least, is procedurally defaulted and that, in any event, Maldonado is not entitled to relief on either of his claims.

## I.  INTRODUCTION

### A.  The Criminal Proceedings

In a five-count Indictment (Crim. docket no. 1), against petitioner Maldonado and two co-defendants, handed down July 12, 2005, Maldonado was charged with four drug offenses. Subsequently, in a seven-count Superseding Indictment (Crim. docket no. 20) against the same three co-defendants, handed down August 23, 2005, Maldonado was charged with the following offenses:  one count (**Count 1**) of conspiracy to distribute and to possess with intent to distribute 50 grams or more of actual (pure) methamphetamine

and to distribute and to possess with intent to distribute 50 grams or more of actual (pure) methamphetamine within 1,000 feet of playgrounds, all in violation of 21 U.S.C. §§ 846 and 860(a); three separate counts (**Counts 2**, **3**, and **4**) of distributing and aiding and abetting the distribution of a mixture of substance containing a detectable amount of methamphetamine within 1,000 feet of playgrounds, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and 18 U.S.C. § 2; and one count (**Count 7**) of using an identification document that he knew was not issued to him to complete an employment eligibility form in violation of 18 U.S.C. § 1546(b).

On August 29, 2005, Maldonado waived personal appearance at arraignment on the charges in the Superseding Indictment and entered a plea of not guilty through appointed counsel. *See* Crim. docket no. 26. Trial was eventually set on the charges against all defendants for December 5, 2005, before United States District Court Judge (now Chief United States District Court Judge) Linda R. Reade. The Trial Scheduling Order (Crim. docket no. 40), § VIII, entered by Judge Reade expressly provided that, if a defendant did not enter a guilty plea by November 18, 2005, the parties could "assume that the court will no longer grant the additional one level decrease because of the inability of the court to allocate its resources efficiently, unless exceptional circumstances are shown during the sentencing hearing."

Maldonado's co-defendants both filed notices of intent to plead guilty on November 18, 2005. *See* Crim. docket nos. 46 & 48. One actually pleaded guilty on November 18, 2005, before United States Magistrate Judge (now Chief United States Magistrate Judge) Paul A. Zoss on November 18, 2005. *See* Crim. docket no. 47. Maldonado did not file a Notice Of Intent To Plead Guilty (Crim. docket no. 52) until November 22, 2005. Maldonado and his second co-defendant both pleaded guilty before Judge Zoss on November 28, 2005. *See* Crim. docket nos. 54 (minutes of Maldonado plea hearing) &

58 (minutes of co-defendant's plea hearing). The undersigned accepted Judge Zoss's November 28, 2005, Report and Recommendation (Crim. docket no. 57) recommending acceptance of Maldonado's guilty pleas by Order (Crim. docket no. 66) dated December 14, 2005, thereby accepting Maldonado's guilty plea to all five counts against him.

On April 4, 2006, Maldonado appeared before the undersigned for sentencing. *See* Crim. docket no. 94. The court determined that Maldonado's adjusted offense level was 33, that his criminal history category was III, that his advisory guidelines sentencing range was 168 to 210 months on **Counts 1** through **4**, and that there was a 60-month statutory maximum sentence on **Count 7**. That guidelines calculation included a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), but did not include a further one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), because Maldonado did not give timely notice of his intent to plead guilty. Presentence Investigation Report (PSIR) (Crim. docket no. 97), ¶ 28. Counsel originally filed an objection to a two-level enhancement because Maldonado committed the charged offenses while on probation for a misdemeanor drunk driving offense in California, on the ground that Maldonado asserted that he did not know he was on probation for that offense. Counsel withdrew that objection prior to sentencing, however, based on information concerning Maldonado's probation status from state court documents provided by the prosecution. The court denied Maldonado's motion for downward variance to the statutory mandatory minimum sentence of 120 months and, instead, imposed concurrent sentences of 168 months, the low end of the advisory guidelines sentencing range, on **Counts 1** through **4** and a concurrent sentence at the statutory maximum of 60 months on **Count 7**, with various other terms and conditions.

## B.  The Appeal

Maldonado's counsel filed a Notice of Appeal (Crim. docket no. 107) on April 13, 2006.  The same counsel was then appointed to represent Maldonado on appeal.  Counsel moved to withdraw and filed a brief on appeal under *Anders v. California*, 386 U.S. 738 (1967), arguing that Maldonado's sentence was unreasonable because the district court did not grant a downward variance based on Maldonado's history of alcohol abuse and the disparity in Maldonado's and a co-defendant's sentences.  Maldonado also filed a *pro se* supplemental brief, contesting his absence from the arraignment on the Superseding Indictment and the lack of an interpreter at the plea hearing and asserting ineffective assistance of counsel claims.  *See United States v. Maldonado*, 241 Fed.Appx. 343 (8th Cir. 2007); Crim. docket no. 142.

The Eighth Circuit Court of Appeals affirmed the sentence, holding as follows:

> In determining the sentence, the district court considered Maldonado's Guidelines imprisonment range, along with other 18 U.S.C. § 3553(a) factors, and nothing in the record suggests the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but in weighing those factors committed a plain error of judgment. *See United States v. Lincoln,* 413 F.3d 716, 717-18 (8th Cir. 2005); *United States v. Haack,* 403 F.3d 997, 1004 (8th Cir. 2005).  In determining that a downward variance was not warranted, the court considered the reasons for the differing sentences imposed on Maldonado and his co-defendant, *cf. United States v. Plaza,* 471 F.3d 876, 880 (8th Cir. 2006) (in evaluating potential disparity court must compare defendants with similar records who have been found guilty of similar conduct), and alcohol abuse generally is not a proper ground for a downward variance, *see id.* at 879-80 (drug addiction or alcohol abuse are

not proper grounds for downward variance, absent exceptional circumstances).

*Maldonado*, 241 Fed.Appx. at 344. The appellate court also rejected Maldonado's *pro se* arguments, as follows:

> As for Maldonado's pro se arguments, his valid guilty plea forecloses his contention that it was error for him to be absent from the arraignment on the superseding indictment, *see United States v. Staples,* 435 F.3d 860, 864 (8th Cir.) (valid guilty plea operates as waiver of all non-jurisdictional defects or errors), *cert. denied,* --- U.S. ----, 127 S. Ct. 148, 166 L. Ed. 2d 108 (2006); he cannot now assert as error the lack of an interpreter at the plea hearing, when he assured the court at the hearing that he understood English, did not need an interpreter, and would inform the court if he did not understand the proceedings; *cf. Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985) (defendant's representations during plea-taking carry strong presumption of verity and pose formidable barrier in any subsequent collateral proceedings); *and any ineffective-assistance claims are more properly raised, if at all, in 28 U.S.C. § 2255 proceedings*, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

*Maldonado*, 241 Fed.Appx. at 344 (emphasis added). The appellate court found no other non-frivolous issues, granted counsel's motion to withdraw, and affirmed the judgment. *Id.* at 344-45.

## C. The § 2255 Motion

By letter to the court dated March 18, 2008, and docketed on April 1, 2008 (Crim. docket no. 146), Maldonado requested appointment of counsel to assist him with "some issues that need to be addressed that happened during the pre-plea time" and "so [he could] file a Motion with [the court] to possibly have [his] sentence reduced." By Order (Crim.

docket no. 147) dated April 2, 2008, Judge Zoss granted Maldonado's request and directed the CJA panel administrator to appoint counsel to represent Maldonado. Maldonado's present counsel entered her Appearance (Crim. docket no. 149) on April 8, 2008.

Notwithstanding that counsel had been appointed to represent him, Maldonado filed a *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) on August 28, 2008. In his § 2255 Motion, Maldonado asserted the following grounds for § 2255 relief: (1) his counsel failed to object to the assessment of criminal history points to an uncounseled misdemeanor offense contained in the PSIR and to a two-level enhancement for committing the charged offenses while on probation for the uncounseled misdemeanor conviction, all as the result of inadequate investigation; and (2) counsel took contradictory actions that forced Maldonado to forfeit the benefit of a full three-level decrease for acceptance of responsibility. Maldonado also "reserved" further grounds for relief based on counsel's independent evaluation of the record for possible amendment.

By Order (Civ. docket no. 3) dated September 8, 2008, the undersigned established a briefing schedule for Maldonado's § 2255 Motion. Pursuant to that Order, counsel for Maldonado filed a Brief In Support Of Petition (Civ. docket no. 4) on October 31, 2008. In that Brief, counsel clarified Maldonado's claims for relief to be the following: (1) that Maldonado's misdemeanor California conviction for drunk driving should not have been counted as a criminal history point, because Maldonado did not have the services of counsel or an interpreter for the state proceedings, and trial counsel was ineffective for failing to argue this point at sentencing and on appeal; and (2) trial counsel was ineffective due to his inaction, which forced Maldonado to forfeit the benefit of an additional one-level adjustment for acceptance of responsibility and resulted in a longer sentence. After an extension of time to do so, the respondent filed a Court Ordered Response To Petitioner's

7

Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Civ. docket no. 11) on January 2, 2009, to which the respondent attached an affidavit of Maldonado's trial and appellate counsel as Exhibit 1 and a transcript of Maldonado's federal sentencing hearing as Exhibit 2.  Maldonado filed a Reply (Civ. docket no. 12), through counsel, reasserting Maldonado's original brief in its entirety, asserting that Maldonado could not respond fully to the respondent's Response without cross-examining trial counsel, and objecting to use of trial counsel's affidavit without such an opportunity to cross-examine trial counsel.  In his Reply, Maldonado also requested the opportunity to conduct depositions of trial counsel and to conduct additional discovery should it become necessary.

In an Order (Civ. docket no. 13), entered November 16, 2009, the court found that Maldonado's request for discovery was neither timely nor in compliance with Rule 6 of the Rules Governing Section 2255 Proceedings For the United States District Courts. Moreover, the court found that the respondent's submission of an affidavit of Maldonado's trial and appellate counsel was consistent with Rule 7 of the Rules Governing Section 2255 Proceedings For the United States District Courts.  Finally, the court noted that it had more than considerable doubt that an evidentiary hearing was required in this case.  *See* Order (Civ. docket no. 13), 2 (noting, "'A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's "allegations, accepted as true, would not entitle" the movant to relief, or "(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."'" (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006), in turn quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted)).  Nevertheless, in an abundance of caution, and finding that it was likely to be the most efficient way to resolve any factual

issues in this matter, the court set an evidentiary hearing on Maldonado's § 2255 Motion for January 6, 2010, noting that at such a hearing, the parties would have the opportunity to examine and cross-examine Maldonado's trial and appellate counsel, to present evidence concerning proceedings in *California v. Maldonado*, CRTR 03-107478, dated April 7, 2003, the allegedly uncounseled misdemeanor conviction on which Maldonado's claims for § 2255 relief in part depend, and such other evidence as they might deem necessary.[1]

## D. The Evidentiary Hearing

At the evidentiary hearing on January 6, 2010, the parties each submitted two exhibits without objection. Maldonado's Exhibit A was the transcript from his sentencing on a drunk driving charge in Tulare County, California, and his Exhibit B was other documents from Tulare County Court concerning that drunk driving conviction. The respondent's Exhibit 1 was an affidavit of Maldonado's trial and appellate counsel in his federal criminal proceedings and the respondent's Exhibit 2 was a transcript of Maldonado's federal sentencing, both of which were previously attached to the respondent's brief.

Maldonado called as his first witness his trial and appellate counsel in the federal criminal proceedings. Counsel testified that he reviewed the prosecution's discovery file,

---

[1]Indeed, in its Order (Civ. docket no. 13), the court expressly required the respondent to procure the attendance of Maldonado's trial and appellate counsel at the hearing; required Maldonado's § 2255 counsel to offer as an exhibit at the hearing a complete copy of the transcript of the state proceedings, which § 2255 counsel cited and quoted, in part, in counsel's brief; and noted that the parties might present such other evidence as they deemed necessary. The court also directed the United States Marshal to transport Maldonado to Sioux City for the hearing. The court denied Maldonado's request, in his Reply, to conduct a deposition of trial counsel and to conduct additional discovery, however.

took detailed notes, then took his notes to review with Maldonado, with the assistance of an interpreter, at Maldonado's place of pre-trial incarceration in Fort Dodge. Counsel testified that he believed that he always had an interpreter with him when he met with Maldonado, so that there was no reason to talk with him in English. Counsel professed to have no idea whether Maldonado could actually read English, although he noted that he was aware that Maldonado had attended school in the United States (in Idaho) up to the tenth grade. Counsel testified that he advised Maldonado in a later telephone conversation of the deadline in the court's scheduling order to plead guilty to obtain a full reduction for acceptance of responsibility, but that Maldonado said he still wanted to go to trial. Counsel testified that it was not until after—perhaps as much as a week after—Maldonado's co-defendants had decided to plead guilty, and after the deadline in the scheduling order, that Maldonado told counsel in another telephone conversation that he wanted to plead guilty.

Counsel also testified that he sent Maldonado a Spanish translation of the draft PSIR a few days before he and an interpreter met with Maldonado to discuss the PSIR. Counsel explained that Maldonado denied being convicted in California and denied that he had ever been on probation, so counsel filed his original objection to that portion of Maldonado's criminal history in the PSIR. Counsel explained that he withdrew the objection when he was provided with a copy of the state court documents in Exhibit B, because he was afraid the objection was frivolous and that a frivolous objection might hurt Maldonado's arguments for a sentence reduction based on acceptance of responsibility. Counsel admitted that there was no interpreter's signature on the state court documents in Exhibit B, which included a waiver of rights form, and that he made no further inquiries to nor did he request any additional documents from the California court concerning Maldonado's drunk driving conviction.

Counsel also admitted that, when the case came back to the undersigned for sentencing, counsel did not request that Maldonado be relieved of the deadline for pleading guilty to receive the third level reduction in the scheduling order entered by Judge Reade. He testified, however, that he did have discussions with the prosecutor about a motion for the third level reduction, and the prosecutor indicated that he had already begun preparation for trial when Maldonado decided to plead guilty and that he did not feel that Maldonado should get the third level reduction.

Maldonado also testified at the evidentiary hearing. Maldonado admitted that he did not "exactly" tell his federal attorney that he did not have an attorney during the California proceedings on his drunk driving conviction, but that his federal attorney did have with him all of the information about his prior convictions. He did testify, however, that he told his federal attorney that he did not have an interpreter for the state proceedings and that he didn't know anything about being on probation. Maldonado then explained that he had been in court for the California conviction just once; that there were lots of people present waiting for their hearings, and that the judge called them up one by one; that there was no interpreter present in the courtroom at all; and that he really did not understand English or the proceedings very well. He testified that the only information he received in Spanish at the time of his California conviction was which boxes to initial, not what the forms said or what initialing the boxes meant. He said he got information about what to do from others in the room doing their paperwork. He testified that he really did not understand what he was pleading guilty to; indeed, he testified that he did not know what the word "guilty" meant and that he believed that he was told he just needed to do community service on the conviction. He testified that he did not recall receiving any copies of his paperwork and, instead, believes that he was told that the paperwork would be mailed to him. There is no indication in the record, however, that Maldonado ever told

his federal trial counsel about the state court proceedings as he explained them at the evidentiary hearing on his § 2255 Motion. Maldonado also testified that, if he had had an interpreter in the state proceedings, he does not know if he would have asked for an attorney.

More generally, as to his facility with English, Maldonado testified that, when his parents brought him to the United States, he was about fourteen or fifteen, and he was initially placed in the fifth grade in a public school in Idaho, but because he was older, he was soon moved into the seventh or eighth grade. He testified that he stayed in school two years, but that he was not required to write or speak English in school. He testified that he has since learned more English in classes and working with people, even in prison, so that he understands English much better now than he did in 2003 when he had the California charge or even in 2005 or 2006 when he had the federal drug charges.

As to his representation on the federal charges, Maldonado testified that he told his federal attorney that, if the prosecutor had enough evidence, then he wanted to plead guilty and not have a trial, but on a couple of occasions, his attorney said it was better to wait, although Maldonado did not know why. Maldonado also testified that his attorney told him that he wasn't allowed to see the discovery file. Maldonado testified that he relied on his attorney to advise him about pleading guilty, because he did not know the law.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Maldonado's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be

released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

On the other hand,

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review

of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's

ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Maldonado's claims for § 2255 relief.

### B. Procedural Default

The respondent asserts that Maldonado's first claim—that he was improperly assessed three criminal history points based on his prior uncounseled misdemeanor drunk driving conviction in California—is procedurally defaulted, because Maldonado did not assert this claim on appeal. The respondent asserts that Maldonado "vaguely" asserts that his counsel, at both the trial and appellate levels, was ineffective for failing to bring this claim on appeal, but contends that this claim of ineffective assistance does not overcome the procedural default.

The court disagrees with the respondent. First, the court finds that, in both Maldonado's *Pro Se* § 2255 Motion and in his counsel's clarifying brief, Maldonado's claim of improper assessment of criminal history points is plainly and squarely cast as an ineffective assistance of counsel claim. *See Pro Se* § 2255 Motion (Civ. docket no. 1) (stating the first claim as "Counsel failed to object to the assessment of criminal history points to an uncounseled misdemeanor contained in the PSR."); Brief (Civ. docket no. 4) ("Maldonado contends that trial counsel was ineffective for (1) failing to ascertain whether information contained in the PSR was true and accurate; (2) failing to discover that the

15

conviction contained in Paragraph 61, of the PSR, violates Maldonado's Constitutional 6th Amendment right to counsel because he was convicted absent representation, and did not knowingly, intelligently, understandingly, and explicitly waive any rights; and (3) failing to perform a thorough examination of the entire record upon Maldonado's request. He argues that he was subsequently improperly assessed one criminal history point for this offense as well as an additional two points for being on probation when the present offense was committed."). Second, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Indeed, in this case, the Eighth Circuit Court of Appeals expressly stated that "any ineffective-assistance claims are more properly raised, if at all, in 28 U.S.C. § 2255 proceedings, *see United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003)." *Maldonado*, 241 Fed.Appx. at 344. Third, even assuming that Maldonado intended to assert a free-standing challenge to use of his uncounseled misdemeanor in the calculation of his criminal history—a claim that is procedurally defaulted, because it was not raised on direct appeal—as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. Thus, Maldonado has asserted a basis for resuscitating such a procedurally defaulted claim based on counsel's failure to raise it. The question here, of course, is whether or not Maldonado can demonstrate ineffective assistance of counsel in the manner alleged, either as a claim for relief or as a gateway to a claim of unconstitutional use of an uncounseled misdemeanor

conviction. Therefore, the court will consider Maldonado's first claim—in both forms—on the merits.

The respondent does not assert that Maldonado's second claim—that his trial counsel's ineffective assistance, consisting of inaction and inconsistent actions, caused him to forfeit the third of three possible level reductions for acceptance of responsibility—is procedurally defaulted. The court also finds that this ineffective assistance of counsel claim is not procedurally defaulted and will consider it on the merits. *Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

### C. Improper Use Of An Uncounseled Misdemeanor Conviction

### 1. Arguments of the parties

Casting his challenge to use of his uncounseled misdemeanor conviction to enhance his federal sentence first as a free-standing claim, Maldonado argues that his waiver of counsel for the state conviction for drunk driving was not valid, because he did not have an interpreter present. Thus, Maldonado contends that he did not knowingly, intelligently, and voluntarily waive any rights, including the right to counsel, and that the name of the interpreter on the state court documents was actually added after he appeared in court. He also argues that there was no colloquy with the state court judge addressing his rights on the record, so that he was not properly informed of his rights. He points out that there is no interpreter's signature at the bottom of the "Advisement of Rights, Waiver, and Plea Form" that is attached to the records of his state conviction in Exhibit B. Recognizing that he also did not have an interpreter in the federal change-of-plea proceedings, Maldonado argues that the difference between the state and federal plea proceedings was that the federal magistrate judge did offer him the services of an interpreter, should he need one.

He also points out that he did have and use the services of an interpreter during the federal sentencing proceedings. Because he had neither an interpreter nor counsel in the state proceedings, he argues that his uncounseled misdemeanor conviction was unconstitutional and, therefore, could not properly be used to enhance his criminal history calculation on his federal offense. Consequently, he argues that he should be resentenced without the enhancements to his criminal history resulting from the unconstitutional misdemeanor conviction.

In response, the respondent argues that Maldonado's argument that the PSIR contained a conviction obtained in violation of Maldonado's constitutional rights is contrary to the record and without merit. The respondent argues that the state court materials that Maldonado also relies on show that he was assisted by an interpreter during his state court plea colloquy and effectively waived counsel for that conviction. Therefore, the respondent argues that Maldonado's contention that he invalidly waived his right to be represented by an attorney due to the lack of an interpreter at his hearing is without merit and contradicted by the record presented by Maldonado in his brief.

### 2. *Analysis*

"Deprivation of the constitutional right to counsel is the only ground upon which a prior conviction used to enhance a federal sentence may be collaterally attacked." *United States v. Reyes-Solano*, 543 F.3d 474, 478 (8th Cir. 2008) (citing *Custis v. United States*, 511 U.S. 485, 487 (1994). While a defendant charged with a felony always has a Sixth Amendment right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 339-45 (1963), under the Sixth Amendment, the government is only required to provide counsel for a defendant charged with a misdemeanor offense if that offense leads to actual jail time. *See United States v. Ault*, 540 F.3d 798, 799 (8th Cir. 2008) (citing *Scott v. Illinois*, 440 U.S.

367, 374 (1979); *Alabama v. Shelton*, 535 U.S. 654, 662, and describing this rule as the "actual imprisonment" rule).

A valid uncounseled misdemeanor conviction, that is, one involving no jail time, may be used to enhance a sentence for a subsequent offense, *United States v. Nichols*, 511 U.S. 738, 746-49 (1994) ("[W]e hold, consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."), but criminal history points generally cannot be assessed for uncounseled misdemeanor convictions that result in prison time. *See United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003) (the district court "clearly erred" in assessing criminal history points based upon uncounseled misdemeanor convictions for which the defendant served jail time); *see also* U.S. Sentencing Guidelines Manual § 4A1.2, comment. (backg'd) (counting in the criminal history uncounseled misdemeanor sentences where imprisonment was not imposed).

On the other hand, Circuit Courts of Appeals, including the Eighth Circuit Court of Appeals, have held that an uncounseled misdemeanor conviction *can* be counted in a defendant's criminal history, even if it resulted in a term of imprisonment, if the defendant knowingly and intelligently waived his right to counsel in connection with that misdemeanor. *See, e.g., Reyes-Solano*, 543 F.3d at 478; *United States v. Smith*, 46 F.3d 1137, 1995 WL 27192, *2 (8th Cir. 1995) (table op.); *see also United States v. Cruz-Alcala*, 338 F.3d 1194, 1196-98 (10th Cir. 2003); *United States v. Logan*, 250 F.3d 350, 377 (6th Cir. 2001); *United States v. Allen*, 153 F.3d 1037, 1040-41 (9th Cir. 1998); *United States v. Morrow*, 177 F.3d 272, 305-06 (5th Cir. 1999); *see also Nichols*, 511 U.S. 743 n.9 (noting that, even in felony cases, the right to counsel can be validly waived). For a non-English speaking defendant who was not assisted by an interpreter,

the Eighth Circuit Court of Appeals has cast the question as whether the defendant sufficiently comprehended written and spoken English to effect a knowing and voluntary waiver of rights. *See United States v. Marrero*, 152 F.3d 1030, 1034 (8th Cir. 1998). The court has then examined the totality of the circumstances, including whether there is any evidence that the defendant actually spoke English during the incident in question, whether he ever asked for an interpreter or indicated difficulty with the English language, and whether there is evidence from others present concerning the defendant's proficiency in English based on their observations of and conversations with the defendant. *Id.*

In Maldonado's state court plea proceedings, the judge twice noted, on the record, that a certified interpreter was "present," purportedly "throughout the proceedings." Petitioner's Exhibit B (State sentencing transcript), 3:2-4, 6:18-19. The state judge asked Maldonado if he spoke English, and Maldonado responded, "A little bit," and the state court judge then advised Maldonado of his charge; his right to an attorney; his right to court-appointed counsel if he could not afford an attorney; and the results of his drunk driving test, which were that he was about three times the legal limit, then asked him if he wanted to plead guilty or to speak to an attorney. Maldonado responded, "Guilty." *Id.* at 2:11-3:1. The state judge then told Maldonado that the certified interpreter would be able to help him fill out the form giving up his rights. *Id.* at 3:2-4. Finally, the state court judge purportedly verified that Maldonado understood that the form he had signed gave up his rights. *Id.* at 3:6-9.

The state judge's procedures in Maldonado's plea proceedings on the drunk driving charge were far from perfect. For example, he never expressly asked Maldonado if he wanted or needed an interpreter, and he asked him if he wished to have an attorney only in a compound question concerning either pleading guilty or speaking to an attorney. When asked if he spoke English, Maldonado responded, "A little bit," which is such a

typical response by a person with limited language skills to a typical question as to provide virtually no insight into Maldonado's actual ability to speak or understand English; certainly, it is not enough to suggest to a reasonable observer that Maldonado spoke and understood English. *Compare Marrero*, 152 F.3d at 1034 (noting that the defendant spoke in English during events addressed in a suppression hearing, including yelling "let me in" and "open the door"). Indeed, Maldonado's admission that he spoke English only "a little bit" should have been a signal that Maldonado had difficulty with the English language. *See id.* (considering whether the defendant indicated difficulties with English). Furthermore, Maldonado's testimony, which the court found credible, suggests that an interpreter was, at best, "present"—probably in another room—to help defendants fill out waiver of rights forms, but the court cannot find that a certified interpreter was "present throughout the proceedings" in any meaningful sense. There is no indication that any part of the proceedings were translated for Maldonado's benefit—even to obtain his waiver of an interpreter—and Maldonado's testimony is that, if an interpreter was available to assist with filling out the waiver of rights form, the interpreter made no effort to translate any part of that form for him, but simply told him which boxes to initial. Indeed, the court concludes that the absence of an interpreter's signature on the portion of the waiver of rights form stating that the interpreter "truly translated this waiver of rights form to the defendant in [the required] language" and that "[t]he defendant indicated that (s)he understood the contents of this form, and then initialed the form," is a clear indication that no translation of the form occurred. The state judge's attempt to advise Maldonado of his rights orally and to obtain a valid waiver of his right to counsel on the record, therefore,

was an exercise in futility, where the court finds that Maldonado did not understand English sufficient to understand the proceedings or the waiver of rights form.[2]

In *Reyes-Solano*, as in this case, the defendant testified that he did not understand court proceedings in English and was not provided an interpreter in state court misdemeanor proceedings. *Reyes-Solano*, 543 F.3d at 478. Unlike this case, however, the defendant in *Reyes-Solano* admitted that he understood the charges to which he pleaded guilty, and he did not testify that he was unaware of his right to counsel or that his waiver of that right was constitutionally infirm. *Id.* Therefore, while the Eighth Circuit Court of Appeals held that the district court did not err in *Reyes-Solano* in ruling that the defendant failed to prove a deprivation of the right to counsel in state misdemeanor proceedings and in counting those state misdemeanor convictions in the defendant's criminal history, *id.*, in Maldonado's case, this court reaches a far different conclusion, finding no valid waiver of the right to counsel.

This conclusion will afford Maldonado relief, however, only if he can show that he can overcome the procedural default of his claim that an uncounseled misdemeanor, involving no valid waiver of counsel, was improperly used to enhance his criminal history. *Ramey*, 8 F.3d at 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (Citations omitted)). Thus, Maldonado must show that his federal

---

[2]While the court acknowledges that Maldonado apparently had sufficient grasp of the proceedings, even without the assistance of an interpreter, to ask if he could "do the Sundays in a [DUI] program," as well as serve his nineteen remaining days of jail time on Sundays, *see* Exhibit B, (State sentencing transcript), 5:7-8, this portion of the transcript falls well short of establishing that Maldonado understood English well enough to knowingly and intelligently waive his right to counsel and plead guilty.

counsel was ineffective in failing to recognize the unconstitutional use of his misdemeanor conviction. *See Becht*, 403 F.3d at 545 ("cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel").[3] Therefore, the court turns, next, to Maldonado's claims of ineffective assistance of counsel.

## D. Ineffective Assistance Of Counsel

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When

---

[3]The court does not read Maldonado's § 2255 Motion to suggest, anywhere, that use of the misdemeanor conviction to enhance his federal sentence was a fundamental defect resulting in a complete miscarriage of justice. *See Ramey*, 8 F.3d at 1314.

claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Ineffective assistance regarding a prior conviction*

Maldonado's first claim of ineffective assistance of counsel, as clarified by his § 2255 counsel—as well as his claim of "cause and prejudice" to overcome the procedural default of his claim concerning improper use of his misdemeanor conviction—is that trial counsel was ineffective for failing to argue at sentencing and on appeal that his misdemeanor California conviction for drunk driving should not have been counted in his

criminal history, because Maldonado did not have the services of counsel or an interpreter for the proceeding. The respondent argues that Maldonado is not entitled to any relief on this claim, as either an ineffective assistance claim or as a gateway claim to overcome procedural default.

### a.    *Arguments of the parties*

Maldonado contends that counsel in his federal criminal proceedings performed unreasonably in failing to discover the deficiencies in his waiver of counsel in state proceedings. He contends that the deficiencies should have been apparent, for example, from the lack of any interpreter's signature on his waiver of rights form for the state conviction. He also contends that he was prejudiced by federal counsel's failing, because he was assessed an additional criminal history point for the offense, then assessed two additional points for committing the federal offenses while on probation for the state offense, resulting in a change of his guidelines sentencing range from 135 to 168 months up to 168 months to 210 months and a sentence (168 months) that was at least 33 months longer than he would otherwise have incurred.

The respondent argues that Maldonado's contentions are contrary to the record. The respondent argues that Maldonado's trial and appellate counsel's affidavit and hearing testimony establish that Maldonado only informed him that he was not on probation for any offenses at the time that he committed the federal offenses, but that counsel discovered from records of the state conviction and probation that such a claim was unfounded. The respondent also points out that trial counsel contended in his affidavit and hearing testimony that Maldonado never informed him of any of the other alleged deficiencies in the state proceedings on which he now relies. The respondent also argues that Maldonado cannot show prejudice from any alleged deficiency in counsel's performance, because the court imposed a sentence of 168 months, the low end of his guidelines sentencing range,

based on all pertinent factors, and could have imposed the same sentence based on those factors, if Maldonado's guidelines sentencing range had been the 135 to 168 months that he asserts it should have been without improper consideration of the state drunk driving conviction.

### b.    Analysis

The key question, here, both for purposes of a claim of ineffective assistance of counsel and a claim of "cause and prejudice" based on ineffective assistance of counsel to overcome procedural default, is whether counsel in the federal proceedings performed deficiently in not recognizing the insufficiencies in Maldonado's waiver of counsel and guilty plea in the state court proceedings. *See Ledezma-Rodriguez*, 423 F.3d at 836 (to establish ineffective assistance of counsel, the claimant must show that counsel's performance was deficient).  Even though counsel's failure to discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel, *see Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994), Maldonado has failed to point to anything that would make his federal attorney's failure to recognize a constitutional deficiency in the state proceedings concerning his prior conviction amount to ineffective assistance of counsel.

More specifically, Maldonado did not clearly require an interpreter for all proceedings in this court or for all interactions with counsel; Maldonado indicated to counsel only that he did not think that he was on probation for the state conviction, not that he did not have an interpreter or counsel for the conviction and did not understand those proceedings; and Maldonado's waiver of rights form for the state conviction did not appear to be invalid on its face.  The court cannot find that the lack of an interpreter's signature on Maldonado's waiver of rights form from his state conviction, even though that waiver of rights form was available to counsel in the federal proceedings, would necessarily have

triggered a reasonable professional to consider or to investigate whether Maldonado's waiver of rights was deficient. While it is true that federal trial counsel testified that he used an interpreter in all of his interactions with Maldonado, presumably in an abundance of caution, Maldonado did not display an inability to follow proceedings in English. To the contrary, as counsel was aware, Maldonado demonstrated sufficient facility in English to decline to use an interpreter during his *federal* change-of-plea proceedings. On Maldonado's direct appeal, the Eighth Circuit Court of Appeals concluded that Maldonado's claim of lack of an interpreter at his change-of-plea hearing failed, because he had assured the court that he understood English, did not need an interpreter, and would inform the court if he did not understand the proceedings. *Maldonado*, 241 Fed.Appx. at 344. Under these same circumstances, counsel cannot be faulted for not guessing that Maldonado might have needed an interpreter in prior state proceedings, even if those proceedings were three years earlier. This is particularly true, where counsel knew that Maldonado had been in the United States for several years and had been in public school in the United States for at least two years of junior or senior high school all prior to his state proceedings.

Moreover, evidence provided to counsel in response to his objection to the enhancement for an offense while on probation, the only supposed problem with counting the state conviction against Maldonado in the federal proceedings that Maldonado brought to counsel's attention, demonstrated that Maldonado was properly identified as the defendant on that offense and that he was on probation for that offense. Because federal trial counsel used an interpreter in his interactions with Maldonado, there was certainly no language barrier to Maldonado's ability to communicate to counsel any and all deficiencies that he believed existed in the state proceedings, including whether or not he needed an interpreter and whether or not he had understood the proceedings. Nothing in the record

indicates that, when counsel told Maldonado that the state court records showed that he was on probation for the state conviction, Maldonado explained his contrary assertion as the result of his failure to understand the state proceedings.

Consequently, from the record now before it, the court cannot find that counsel's performance, in failing to discover and act upon a purported constitutional deficiency in the prior state conviction, "'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522 (quoting *Strickland*, 466 U.S. at 688). Because Maldonado cannot establish deficient performance on this ineffective assistance of counsel claim, the court need proceed no further in its analysis of this ineffective assistance claim, or with the "cause and prejudice" analysis. *Walker*, 324 F.3d at 1040.[4] Maldonado is not entitled to

_____

[4]Even if the court were required to consider the "prejudice" prong of this ineffective assistance of counsel claim, the court has considerable doubt that Maldonado could establish the required prejudice. *Ledezma-Rodriguez*, 423 F.3d at 836 (even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance); *Davis*, 423 F.3d at 877. Maldonado would be required to show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). There might be some circumstances—perhaps including a mandatory sentencing guidelines regime—in which it might be reasonable to conclude that, where the court once sentenced a defendant at the bottom of the guidelines range, the court would also sentence the defendant to the bottom of a revised guidelines range, but those circumstances are not necessarily presented here. Here, the court rejected Maldonado's motion to sentence him to the statutory mandatory minimum of 120 months and, instead, sentenced him to the bottom of his *advisory* guidelines range, 168 months, based on the court's consideration of all pertinent factors. Under these circumstances, it is reasonable to assume that the court, aware of its power to vary from the advisory guidelines upon consideration of the 18 U.S.C. § 3553(a) factors, would consider 168 months of imprisonment to be the appropriate sentence, under either the guidelines range
(continued...)

relief on this claim and cannot open the door to relief on his procedurally defaulted claim of improper use of an uncounseled misdemeanor conviction in the determination of his criminal history.

### 3.     Ineffective assistance regarding a timely plea

Maldonado's second claim, as clarified by counsel, is that trial counsel was ineffective due to his inaction, which forced Maldonado to forfeit the benefit of an additional one-level adjustment for acceptance of responsibility and resulted in a longer sentence. The respondent also denies that Maldonado is entitled to any relief on this claim on its merits.

### a.     Arguments of the parties

Maldonado contends that, early in the proceedings, trial counsel informed him that the government had "ample evidence to convict him," but never allowed him to review the discovery materials or to enter a timely guilty plea, so that he could receive the full benefits for "acceptance of responsibility" from his guilty plea. He contends that counsel discouraged him from an immediate guilty plea or cooperation, because the government might still go to trial. He contends that this course was not reasonable trial strategy, but deficient performance. Thus, he contends that he lost an additional one-level reduction for acceptance of responsibility when he did not notify the court of his intent to plead guilty until after the deadline in the scheduling order.

The respondent counters that Maldonado's trial counsel has averred in his affidavit that Maldonado explicitly told him from the start that he did not want to plead guilty and that he intended to take his case to trial. The respondent also contends that trial counsel

---

[4](…continued)
that the court originally found was applicable, or under the lower, but overlapping guidelines range that Maldonado contends should have been applicable.

asserted in both his affidavit and in his hearing testimony that it was not until both co-defendants had decided to plead guilty, and after the deadline for timely notice of intent to plead guilty to obtain the third level reduction for acceptance of responsibility, that Maldonado ever indicated that he wanted to plead guilty rather than go to trial. The respondent contends that Maldonado has presented no credible evidence that he ever gave counsel an earlier indication of his willingness or desire to plead guilty.

### b.    Analysis

The court concludes that, where the court has established a specific deadline for notice of intent to plead guilty, after which the court likely will not grant the third level reduction for acceptance of responsibility, counsel's failure to give timely notice of a defendant's intent to plead guilty, *without good reason*, would constitute "deficient performance" within the meaning of an ineffective assistance of counsel claim, because such conduct would "'f[a]ll below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522 (standard for deficient performance prong, quoting *Strickland*, 466 U.S. at 688). In other words, counsel cannot simply "blow the deadline." However, here, the record does not show that the delay in Maldonado's notice of intent to plead guilty was without good cause, or, for that matter, attributable to counsel. Rather, trial counsel's affidavit and trial testimony show that Maldonado explicitly told trial counsel from the start that he did not want to plead guilty and that he intended to take his case to trial and that it was not until both co-defendants had decided to plead guilty, and after the deadline for timely notice of intent to plead guilty to obtain the third level reduction for acceptance of responsibility, that Maldonado ever indicated that he wanted to plead guilty rather than go to trial.

Maldonado seems to contend that counsel should have tried harder to twist his arm to get him to plead guilty. Considering the number of times that this court has entertained

the converse argument, that counsel *did* twist an unwilling defendant's arm until he pleaded guilty, raised as a claim of ineffective assistance of counsel, the irony of the present argument is not lost on the court. A defendant generally should not be able to dictate a trial strategy, then complain that counsel followed it. That said, there are undoubtedly circumstances in which counsel must make every reasonable effort to get a reluctant defendant to plead guilty, but there are also circumstances in which counsel can reasonably respect a defendant's direction to prepare for trial rather than to pursue a guilty plea.

This case falls into the latter category: The court finds credible trial counsel's contentions that Maldonado expressed an unequivocal intent to go to trial, even though he was advised of the evidence against him, the applicable guidelines calculations, the effect of a timely guilty plea, the court's deadline for such a plea, and the possible benefits of cooperation, but Maldonado asserted that he had no information of anything that would be helpful to the government.[5]

Nor can counsel's conduct be deemed deficient for failing to ask the court, when the case was reassigned to the undersigned for sentencing, to waive the deadline for a third level reduction in Judge Reade's trial scheduling order. After amendments to U.S.S.G. § 3E1.1(b) effective in 2003, "the third level can only be granted upon a motion by the prosecutor." *See United States v. Preciado*, 336 F.3d 739, 743 n.2 (8th Cir. 2003) (citing provision of the PROTECT ACT, Pub. L. No. 108-21, § 401(g)(1)(A), 117 Stat. 650, 672 (2003), as so amending U.S.S.G. § 3E1.1(b)); *see also* U.S.S.G. § 3E1.1, Application

---

[5]As a corollary point, Maldonado contends that his counsel never adequately advised him of the evidence against him or showed him the contents of the discovery file. However, the court finds more credible counsel's assertion that he was prohibited from making copies of materials in the discovery file, but that he did discuss the contents of the file with Maldonado from detailed notes that counsel had taken of the contents of the discovery file.

Note 6.  Thus, the court no longer had the discretion to determine whether or not to grant a third level reduction in the absence of a motion by the prosecution.  Here, trial counsel testified that he did have discussions with the prosecutor about a motion for the third level reduction, and the prosecutor indicated that he had already begun preparation for trial when Maldonado decided to plead guilty and that he did not feel that Maldonado should get the third level reduction.  The court concludes that counsel made reasonable efforts to attempt to secure a third level reduction, notwithstanding the tardiness of Maldonado's decision to plead guilty.

Under these circumstances, the court cannot find that counsel's conduct "'fell below an objective standard of reasonableness.'"  *Wiggins*, 539 U.S. at 522 (quoting *Strickland*, 466 U.S. at 688).  Because Maldonado cannot establish deficient performance on this ineffective assistance of counsel claim, the court need proceed no further in its analysis of this ineffective assistance claim.  *Walker*, 324 F.3d at 1040.  Maldonado is not entitled to relief on this claim.

Because both of Maldonado's claims of ineffective assistance of counsel fail on the merits, his § 2255 Motion will be denied.

### E.  *Certificate Of Appealability*

Denial of Maldonado's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *

**(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Maldonado has not made a substantial showing of the denial of a constitutional right on any non-defaulted § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Maldonado's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Maldonado does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, petitioner Maldonado's August 28, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) is **denied in its entirety**.  This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 15th day of January, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA